UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket # 2011-CV-03024
CHRISTOPHER J. VASQUEZ,

            Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL VARECKA, POLICE OFFICER
MICHAEL SCIAME, POLICE OFFICER TODD
FRIEDRICH, SERGEANT TIMOTHY HINTEMAN,
PAWEL STUCZYK, and PAWEL PAJDA,

            Defendants.
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff's claims arise from a series of incidents on January 1, 2011 in which the Defendants subjected Plaintiff to, among other things, false arrest, assault and battery, perjury and abuse of legal process, malicious prosecution, fabricated evidence, conspiracy, harassment, and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

1

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred within the Eastern District of New York and because Plaintiff and Defendants are subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. **Plaintiff Christopher J. Vasquez** is a resident of the County of Queens, State of New York, which is situated within the Eastern District of New York.

6. **Defendant NYC** (hereinafter **NYC**) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. **Defendant NYC** maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, **Defendant NYC**.

8. At all times hereinafter mentioned, the individually named **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** were duly sworn police officers of the New York City Police Department, 104th Precinct, and were acting under both the supervision of said department and according to their official duties, and through it, as employees and/or servants of the **Defendant NYC**, acting under the direction and supervision of the aforementioned municipal corporation, **Defendant NYC**.

9. **Defendant Pawel Pajda** and **Defendant Pawel Stuczyk**, were and still are individuals and residents of the County of Queens, State of New York, which is situated within the Eastern District of New York.

10. All Defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. The following is a summary.

12. On January 1, 2011, **Plaintiff** was walking down the street in the vicinity of 60-41 Palmetto Street in the County of Queens, State of New York in the early morning hours when **Defendants Pawel Pajda and Pawel Stuczyk** acting in concert and each aiding the other effected a vicious assault and battery upon **Plaintiff** by punching him and kicking him repeatedly about the face, head and rest of his body.

13. As a result of this first unprovoked assault, **Plaintiff** sustained serious physical injuries.

14. Thereafter, **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325**, and **Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) responded to 60-41 Palmetto Street in the County of Queens, State of New York and placed **Plaintiff** in handcuffs and under arrest.

15. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325**, and **Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) grabbed **Plaintiff**, punched and kicked him repeatedly about the face and head, yanked his arms

up behind him, kneed him in the back, and handcuffed him too tightly thereby cutting of circulation to his hands, despite **Plaintiff's** broken arm and his pleas for medical attention

16. As a result of this second unprovoked assault, **Plaintiff** sustained further physical injuries.

17. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) placed **Plaintiff** under arrest, despite defendants' knowledge that they lacked probable cause to do so, and without a warrant, reasonable suspicion, or probable cause.

18. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) then transported **Plaintiff** to the 104th Precinct of the New York City Police Department, in Queens County, City and State of New York.

19. **Plaintiff** was held at the 104th Precinct for approximately an entire day without being given food or water in direct contravention of the NYPD Patrol Guide and clearly established law.

20. **Plaintiff** was not given medical treatment during the time he was held in police custody, either at the scene of the arrest or at the 104th Precinct, despite his requests for the same.

21. Thereafter, **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant**

NYC), **Pawel Pajda and Pawel Stuczyk** acting in concert and each aiding the other, conspired to violate **Plaintiff's** civil rights and actually did violate **Plaintiff's** civil rights by engaging in the following conduct pursuant to this conspiracy, among other conduct:

> a. falsely attesting to the truth of documents and the contents therein by falsifying police reports and official documents to charge **Plaintiff** with the crimes of Burglary in the Second Degree, Criminal Mischief in the Second Degree, and Criminal Trespass in the Second Degree, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges;
>
> b. fabricating evidence and presenting the same fabricated evidence to the Queens County District Attorney, the Queens County Grand Jury, and the New York City Criminal Court, Queens County, concealing evidence of **Plaintiff's** innocence and failing to produce and destroying exculpatory evidence of **Plaintiff's** innocence,
>
> c. Arresting **Plaintiff** and incarcerating him without probable cause on January 1, 2011
>
> d. falsely reporting to the Queens County District Attorney's Office, in order to initiate formal criminal charges against **Plaintiff**, that **Plaintiff** had committed the crimes of Burglary in the Second Degree, Criminal Mischief in the Second Degree, and Criminal Trespass in the Second Degree, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges;
>
> e. Causing **Plaintiff** to be criminally prosecuted in the New York City Criminal Court, Queens County under Docket # 2011QN000072, and continuing to maliciously prosecute **Plaintiff** despite having actual knowledge that **Plaintiff** was innocent of all criminal charges.
>
> f. Testifying falsely and committing perjury in the Queens County Grand Jury at a Grand Jury presentation, that **Plaintiff** had committed the crimes of Burglary in the Second Degree, Criminal Mischief in the Second Degree, and Criminal Trespass in the Second Degree, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges; in furtherance of the conspiracy to violate **Plaintiff's** civil rights, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges.

22. As a result of the **Defendants'** actions mentioned above, **Plaintiff** was arraigned on or about January 1, 2011 upon a Criminal Court Complaint, filed under Docket # 2011QN000072, in the New York City Criminal Court, Queens County, charging him with Burglary in the Second Degree in violation of New York Penal Law § 140.25(2), Criminal Mischief in the Second Degree in violation of New York Penal Law § 145.10, and Criminal

Trespass in the Second Degree in violation of New York Penal Law § 140.15(1), and prosecuted by the Queens County District Attorney and **Defendants** in an action entitled "The People of the State of New York against Christopher J. Vasquez."

23. On or about April 6, 2011, **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**), and **Pawel Pajda and Pawel Stuczyk** testified falsely against **Plaintiff** before the Queens County Grand Jury in Grand Jury Case # 857/2011 in the above-referenced matter and pursuant to the conspiracy to maliciously prosecute **Plaintiff** and violate his civil rights by stating, among other things, that **Plaintiff** had committed the crimes charged as detailed above.

24. In spite of the efforts and the actions of the **Defendants**, on or about April 6, 2011, the Queens County Grand Jury voted to dismiss all charges pending against **Plaintiff** in Grand Jury Case # 857/2011 and Docket # 2011QN000072.

25. As a result of the **Defendants'** actions mentioned above, **Plaintiff** was committed to the custody of the New York City Department of Corrections and held in lieu of bail for over 4 months, thereby being deprived of his liberty.

26. **Plaintiff** was released from the custody of the New York City Department of Corrections on or about April 6, 2011 after the aforementioned criminal charges against him were dismissed.

27. As a result of **Defendants'** actions, **Plaintiff** suffered personal and physical injuries, fear, embarrassment, humiliation, invasion of privacy, pain and suffering, damage to reputation, loss of liberty, severe emotional distress, and economic damages.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of **Defendants**, their agents, servants and employees, were carried out under the color of state law and pursuant to a conspiracy to deprive **Plaintiff** of his civil rights.

30. All of the aforementioned acts deprived **Plaintiff** of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, New York State Constitution and applicable state laws.

31. The acts complained of were carried out by **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**), acting in concert with and the remaining **Defendants**, and each aiding the other, in their capacities as New York City police officers, with all of the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual **Defendants** in their capacities as police officers, acting in concert with and the remaining **Defendants**, and each aiding the other, pursuant to the customs, usages, practices, procedures, and the rules of **Defendant NYC** and the New York City Police Department, all under the supervision of ranking officers of said department.

33. **Defendants**, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by **Defendants**, **Plaintiff** was subjected to an illegal, improper and false arrest by the **Defendants** and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, **Plaintiff's** liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

38. **Defendants** misrepresented and falsified evidence before the Queens County District Attorney, the Grand Jury of Queens County, and the New York City Criminal Court, Queens County.

39. **Defendants** did not make a complete, accurate, or full statement of facts to and knowingly and intentionally lied to the Office of the Queens County District Attorney about the evidence against **Plaintiff**.

40. **Defendants** withheld exculpatory evidence from the Queens County District Attorney.

41. **Defendants** were directly and actively involved in the initiation of criminal proceedings against **Plaintiff**.

42. **Defendants** lacked probable cause to initiate criminal proceedings against **Plaintiff**.

43. **Defendants** acted with malice in initiating criminal proceedings against **Plaintiff**.

44. **Defendants** were directly and actively involved in the continuation of criminal proceedings against **Plaintiff**.

45. **Defendants** lacked probable cause to continue criminal proceedings against **Plaintiff**.

46. **Defendants** acted with malice in continuing criminal proceedings against **Plaintiff**.

47. **Defendants** misrepresented and falsified evidence throughout all phases of the criminal proceeding, which includes, but is not limited to, perjurious and false testimony before the Queens County Grand Jury.

48. Notwithstanding the perjurious and fraudulent conduct of **Defendants**, the criminal proceedings were terminated in **Plaintiff's** favor on or about April 6, 2011 after the Queens County Grand Jury voted to dismiss all charges pending against **Plaintiff** in Grand Jury Case # 857/2011 and Docket # 2011QN000072.

### FOURTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

49. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

50. **Defendants** issued legal process to place **Plaintiff** under arrest.

51. **Defendants** arrested **Plaintiff** in order to obtain a collateral objective outside the legitimate ends of the legal process.

52. **Defendants** acted with intent to do harm to **Plaintiff** without excuse or justification.

## FIFTH CAUSE OF ACTION
## MUNICIPAL LIABILITY

53. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

54. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325,** and **Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**), collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The foregoing customs, policies, usages, practices, procedures and rules of **Defendant NYC** and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of **Plaintiff**.

56. The foregoing customs, policies, usages, practices, procedures and rules of **Defendant NYC** and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by **Plaintiff** as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of **Defendant NYC** and the New York City Police Department were the moving force behind the constitutional violations suffered by **Plaintiff** as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of **Defendant NYC** and the New York City Police Department, **Plaintiff** was unlawfully arrested and subjected to civil battery.

59. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325,** and **Sergeant**

**Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**), collectively and individually, while acting under color of state law, were directly and actively involved in violating **Plaintiff's** constitutional rights, and conspired to violate the same.

60. All of the foregoing acts by defendants deprived **Plaintiff** of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from unlawful seizure and arrest not based upon probable cause or reasonable suspicion;

    C.    Not to have excessive force imposed upon him,

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    Not to have cruel and unusual punishment imposed upon him; and

    G.    To receive equal protection under the law.

61. As a result of the foregoing, **Plaintiff** is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual **Defendant**s in a sum to be determined at trial.

62. This action was timely commenced according to the applicable statute of limitations and all tolling periods and all conditions precedent to maintaining the instant action.

### SIXTH CAUSE OF ACTION
### FALSE ARREST

63. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

64. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325,** and **Sergeant**

**Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) arrested **Plaintiff** in the absence of probable cause and without a warrant.

65. As a result of the aforesaid conduct by defendants, **Plaintiff** was subjected to an illegal, improper and false arrest initiated by the **Defendants** pursuant to the conspiracy and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the **Defendants** in criminal proceedings.

66. The aforesaid actions by the **Defendants** constituted a deprivation of Plaintiff's rights.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT

67. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

68. As a result of the foregoing, **Plaintiff** was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

69. **Plaintiff** was conscious of said confinement and did not consent to same. The confinement of **Plaintiff** was without probable cause and was not otherwise privileged.

70. As a result of the aforementioned conduct, **Plaintiff** has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CAUSE OF ACTION
## ASSAULT

71. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

72. **Defendants'** aforementioned actions placed **Plaintiff** in apprehension of imminent harmful and offensive bodily contact.

73. As a result of defendants' conduct, **Plaintiff** has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## NINTH CAUSE OF ACTION
## BATTERY

74. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

75. **Defendants** touched **Plaintiff** in a harmful and offensive manner.

76. **Defendants** did so without privilege or consent from **Plaintiff**.

77. As a result of **Defendants'** conduct, **Plaintiff** has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## TENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

78. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

79. On or about January 1, 2011 through and including April 6, 2011, the **Defendants**, their agents, servants and employees commenced a criminal proceeding against **Plaintiff**, and falsely and maliciously, and without probable cause, charged **Plaintiff** with crimes they knew he did not commit.

80. **Defendants**, with the consent and participation of one another and pursuant to a conspiracy, continued said proceeding despite the fact that they knew or should have known that **Plaintiff** had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of **Plaintiff**.

81. **Defendants** were directly and actively involved in the initiation of criminal proceedings against **Plaintiff**.

82. **Defendants** lacked probable cause to initiate criminal proceedings against **Plaintiff**.

83. **Defendants** were motivated by actual malice in initiating criminal proceedings against **Plaintiff**.

84. **Defendants** misrepresented and falsified evidence before the District Attorney of Queens County, the Queens County Grand Jury, and the New York City Criminal Court, Queens County.

85. **Defendants** did not make a complete and full statement of facts to the District Attorney of Queens County, the Queens County Grand Jury, and the New York City Criminal Court, Queens County.

86. **Defendants** withheld exculpatory evidence from the District Attorney of Queens County, the Queens County Grand Jury, and the New York City Criminal Court, Queens County.

87. **Defendants** directly and actively conspired to continue criminal proceedings against **Plaintiff** and did continue criminal proceedings against **Plaintiff**.

88. **Defendants** lacked probable cause to continue criminal proceedings against **Plaintiff**.

89. **Defendants** were motivated by actual malice in continuing criminal proceedings against **Plaintiff**.

90. Notwithstanding the perjurious and fraudulent conduct of **Defendants**, the criminal proceedings were terminated in **Plaintiff's** favor on or about April 6, 2011 as indicated above.

## ELEVENTH CAUSE OF ACTION
## <u>MALICIOUS ABUSE OF PROCESS</u>

91. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

92. **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) issued legal process to place **Plaintiff** under arrest.

93. **Defendants** conspired to arrest **Plaintiff** to obtain a collateral objective outside the legitimate ends of the legal process, and did arrest **Plaintiff** to obtain a collateral objective outside the legitimate ends of the legal process.

94. **Defendants** acted with intent to do harm to **Plaintiff** without excuse or justification.

95. As a result of the aforementioned conduct, **Plaintiff** suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## TWELFTH CAUSE OF ACTION
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

96. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

98. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

99. The aforementioned conduct was committed by **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** while acting within

the scope of their employment by **Defendant NYC** and pursuant to a conspiracy to deprive **Plaintiff** of his civil rights.

100. The aforementioned conduct was committed by **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325, and Sergeant Timothy Hinteman, Tax # 931733** while acting in furtherance of their employment by **Defendant NYC** and pursuant to a conspiracy to deprive **Plaintiff** of his civil rights.

101. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to **Plaintiff**.

102. As a result of the aforementioned conduct, **Plaintiff** suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRTEENTH CAUSE OF ACTION
### NEGLIGENT HIRING AND RETENTION

103. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

104. Upon information and belief, **Defendant NYC** failed to use reasonable care in the hiring and retention of the aforesaid **Defendants** who conducted and participated in the arrest of Plaintiff.

105. **Defendant NYC** knew, or should have known in the exercise of reasonable care, the propensities of the **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325,** and **Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) to engage in the wrongful conduct heretofore alleged in this Complaint.

16

106. **Defendant NYC** had actual notice that **Defendants Police Officer Michael Varecka, Tax # 943910, Police Officer Michael Sciame, Tax # 943798, Police Officer Todd Friedrich, Tax # 94325,** and **Sergeant Timothy Hinteman, Tax # 931733** (as police officers employed by the **Defendant NYC**) had such propensities.

### FOURTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING AND SUPERVISION

107. **Plaintiff** repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

108. Upon information and belief the **Defendant NYC** failed to use reasonable care in the training and supervision of the aforesaid **Defendants** who conducted and participated in the arrest of **Plaintiff** and caused **Plaintiff** to be arrested.

109. As a result of the foregoing, **Plaintiff** is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual **Defendants** in a sum to be determined at trial.

WHEREFORE, Plaintiff demands judgment on each cause of action in a sum to be determined at trial in compensatory damages and a sum to be determined at trial in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: Uniondale, New York
November 9, 2011

PATRICK MICHAEL MEGARO

17

Docket # 2011-CV-03024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER J. VASQUEZ,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL VARECKA, POLICE OFFICER
MICHAEL SCIAME, POLICE OFFICER TODD
FRIEDRICH, SERGEANT TIMOTHY HINTEMAN,
PAWEL STUCZYK, and PAWEL PAJDA,

                      Defendants.

---

### FIRST AMENDED COMPLAINT

---

### PATRICK MICHAEL MEGARO, ESQ.
**Attorney for : Plaintiff**

626 RXR Plaza, 6th Floor, West Tower
Uniondale, New York 11556
Tel: (516) 317-6660
Fax: (866) 617-7442
KC2QBN@yahoo.com

---

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State and in the Eastern District of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: 11/9/2011        Signature: _____